IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGELIO CARLOS III, MYRNA CARLOS, | § § § § § § | |
| *Plaintiffs*, | | 5-16-CV-00251-FB-RBF |
| vs. | § § § | |
| CARLOS CHAVEZ, VIRGILIO GONZALEZ, JAMES YBARRA, MARK DELGADO, CITY OF SAN ANTONIO, SAN ANTONIO POLICE DEPARTMENT, DETECTIVE JOHN DOE, NATIONAL NEUROMONITORING SERVICES, LLC, NEURODIAGNOSTICS AND NEUROMONITORING INST., INC., SOUTH TEXAS NEUROMONITORING, WILLIAM VANNESS, MARIBEL GOMEZ, | § § § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

In this § 1983 action, Plaintiffs Rogelio Carlos III and Myrna Carlos assert Fourth and Fourteenth Amendment claims against the City of San Antonio and individual officers Carlos Chavez, Virgilo Gonzalez, James Ybarra, Mark Delgado, and Detective John Doe (collectively, "the City Defendants") for injuries allegedly suffered by Mr. Carlos during his arrest. After suing the City Defendants, the Carloses joined Defendants National Neuromonitoring Services, LLC, Neurodiagnostics and Neuromonitoring Institute, Inc., South Texas Neuromonitoring, Maribel Gomez, and William VanNess (collectively, "Neuromonitoring Defendants"). The Carloses accuse the Neuromonitoring Defendants of negligence in connection with medical treatment Mr. Carlos received as a result of the injuries he alleges he suffered during his arrest. Mr. Carlos is

1

now paralyzed, and he and his wife allege that the City Defendants and the Neuromonitoring Defendants both contributed to his paralysis.

Before the Court are the Motions for Leave of Court to File Cross Claims against Defendants National Neuromonitoring Services, LLC, Neurodiagnostics and Neuromonitoring Institute, Inc., South Texas Neuromonitoring, Maribel Gomez, and William VanNess filed by the City Defendants. *See* Dkt. Nos. 84, 97. Also pending before the Court are the City Defendants' Motions for Leave to Designate Responsible Third Parties. Dkt. Nos. 85, 96. All pretrial matters in this § 1983 action have been referred to the undersigned for disposition, pursuant to 28 U.S.C. § 636(b) as well as Western District of Texas Local Rule CV-72 and Appendix C. *See* Dkt. No. 82.

The City Defendants are only potentially liable to the Carloses on the Carloses § 1983 claims alleging violations of the Carloses federal constitutional rights. The City Defendants, however, invoke state law, namely Chapter 33 of the Texas Civil Practice and Remedies Code, in connection with their request for leave to assert cross-claims for contribution against the Neuromonitoring Defendants. The City Defendants' similarly invoke state law in support of their request, in the alternative, to designate the Neuromonitoring Defendants and non-party Dr. Bruggeman as responsible third parties. Because the City Defendants provide insufficient justification for applying Texas's Chapter 33 in connection with the Carloses' § 1983 claims, their motions—as they are currently formulated—should be **DENIED**. *See* Dkt. Nos. 84, 85, 96, & 97.

I.  **Background**

A robust factual and procedural background for this matter is provided in a prior report and recommendation, entered on January 3, 2018. *See* Dkt. No. 120. For present purposes, it is sufficient to discuss only a few salient facts beyond those already mentioned above.

The Neuromonitoring Defendants first appeared in this action in September 2017, when they moved to dismiss all claims against them for lack of jurisdiction. *See* Dkt. Nos. 73 & 75. Those motions are still pending, although the undersigned has recommended that they be denied. *See* Dkt. No. 120. With the Neuromonitoring Defendants now parties to the litigation, the City Defendants—invoking Texas law on contribution and responsible-third-party practice—request leave to file cross-claims seeking contribution from the Neuromonitoring Defendants.

The Neuromonitoring Defendants oppose the requested amendment on two grounds. First, the Neuromonitoring Defendants argue that the requested amendment would be futile in two ways. The Court lacks jurisdiction over the City Defendants' requested contribution cross-claims, they argue, in the same way jurisdiction is allegedly lacking over the state-law negligence claims in this case. This would then make the requested amendment futile. The Neuromonitoring Defendants next urge that amendment would be futile because claims sounding in gross-negligence or seeking exemplary damages are not subject to contribution under Texas law. Second, beyond futility of amendment, the Neuromonitoring Defendants object to the (un)timeliness of the City Defendants' motions for leave to amend. The first objection on futility grounds is misplaced, given the undersigned's recommendation on the Neuromonitoring Defendants' motions to dismiss. *See* Dkt. No. 120. The second futility objection is also off target because the claims for which contribution is sought are federal constitutional claims brought via § 1983; they are not gross-negligence or punitive-damages claims. The applicability of Chapter 33, however, is a helpful topic to address, as discussed more below.

For their part, the Neuromonitoring Defendants do not oppose the City Defendants' alternative request to designate them as responsible third parties. To be clear, the Neuromonitoring Defendants assert in their Response that they would oppose the designation request *only* to the extent the City Defendants seek to designate them as responsible third parties

3

while the Neuromonitoring Defendants are defendants in this action. *See* Dkt. Nos. 111, 113. The City Defendants seek no such thing. *See* Dkt. No. 115. The Carloses, for their part, have not objected or responded to either of the City Defendants' motions.

II.     **Analysis**

The City Defendants' proposed cross-claims appear futile, and so their request for leave to amend should be denied. The City Defendants' motions assume—without reference to any supporting authority—that Chapter 33 of the Texas Civil Practice and Remedies Code applies in this § 1983 action and could authorize cross-claims by the City Defendants against the Neuromonitoring Defendants. It appears the Fifth Circuit has never addressed whether and how Texas's apportionment of responsibility scheme applies to federal civil rights claims, and at least two federal district courts in Texas have concluded it does not. The majority of courts outside this circuit have also refused to allow a § 1983 defendant to utilize state contribution laws in similar circumstances to those presented here.

*Texas's Chapter 33 Likely Does Not Apply Under Its Own Terms.* Chapter 33, by its own terms, applies only to "any cause of action *based in tort* in which a defendant, settling person, or responsible third party is found responsible for a percentage of harm for which relief is sought." Tex. Civ. Prac. & Rem. Code 33.002(a) (emphasis added). A "cause of action based on tort," according to the Texas Supreme Court, "includes negligence, products liability, and any other conduct that violates an applicable legal standard, such as the tort aspect of an implied warranty." *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008). Accordingly, even assuming for argument's sake that applying Chapter 33 in this case is consistent with federal law (more on that below), Chapter 33 is likely inapplicable to the federal constitutional torts alleged against the City Defendants here. *See, e.g., Nunez v. City of Corpus Christi, Tex.*, No. 2:12-CV-00092, 2013 WL 164045, at *1 (S.D. Tex. Jan. 14, 2013) (finding that excessive force claims are

federal claims, not Texas torts and hence do not implicate Chapter 33); *Moran v. Summers*, No. A-15-CA-769-SS, 2016 WL 1610611, at *2 n.2 (W.D. Tex. Apr. 20, 2016) (separately noting that "the Court is not convinced § 1983 claims . . . are 'based in tort' for purposes of 33.004"); *United States v. Cushman & Wakefield, Inc.*, 275 F. Supp. 2d 763, 773 (N.D. Tex. 2002) (explaining that Chapter 33 "appears to apply only to actions based on common law torts, and not to statutory causes of action").

Given that this issue is not raised or briefed by the City Defendants, let alone resolved by them, their motions seeking to apply Chapter 33 here warrant denial on this basis alone.

*The Applicability of Texas's Chapter 33 in this Federal Action.* Next, assuming for argument's sake that Chapter 33 could apply under its own terms here, the analysis turns to whether a federal court ought to apply Texas's Chapter 33 in the circumstances presented here. Whether and to what extent state law applies in federal court can present a host of difficult issues. Here, the somewhat out-of-the-ordinary situation is presented. A party facing potential liability for claims brought under federal law (*i.e.*, § 1983 claims for alleged violations of federal constitutional rights) seeks relief under a state law addressing how to apportion responsibility between and among multiple parties in tort actions. The parties' briefing is silent on whether and how state law could or should apply in federal court in such circumstances.

It appears a federal court's reliance on state law on contribution in connection with § 1983 claims turns on 42 U.S.C. § 1988, which "authorize[s] federal courts, where federal law is unsuited or insufficient 'to furnish suitable remedies,' to look to principles of the common law, as altered by state law, so long as such principles are not inconsistent with the Constitution and laws of the United States." *Moor v. Alameda County*, 411 U.S. 693, 703 (1973) (quoting 42 U.S.C. § 1988). The Supreme Court, however, has cautioned that § 1988 does not "authorize the wholesale importation into federal law of state causes of action." *Id.* at 703-04. Accordingly, it

has been recognized that "the propriety of Section 1988's application to the issue of contribution under Section 1983 remains something of an open question." *Mason v. City of New York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996). Several courts, however, have recognized that § 1988 is inapplicable to the issue of contribution, in light of *Moor. See, e.g.*, *Hoa v. Riley*, 78 F. Supp. 3d 1138, 1148 (N.D. Cal. 2015); *Roell v. Hamilton County*, No. 1:14-CV-637, 2015 WL 3605345, at *5 (S.D. Ohio Jun. 8, 2015); *Wright v. Reynolds*, 703 F. Supp. 583, 592 n. 5 (N.D. Tex. 1988); *Creek v. Shell Dev. Corp.*, No. 83 C 1851, 1989 WL 24088, at *2 (N.D. Ill. Mar. 15, 1989).

Assuming solely for purposes of this report and recommendation that § 1988 could apply here to potentially permit importation of Texas's Chapter 33 into this action, the inquiry would turn to whether "suitable" federal law exists. *Moor*, 411 U.S. at 703; *see also Delesma v. City of Dallas*, 770 F.2d 1334, 1337 (5th Cir. 1985) (quoting *Burnett v. Grattan*, 468 U.S. 42, 48 (1984)). If it does, the analysis ends and federal law should be applied. *Moor*, 411 U.S. at 703; *see also Delesma*, 770 F.2d at 1337. In these circumstances it is only where there is a gap in federal law that state law may be consulted, and even then only to the extent the applicable state law is not inconsistent with federal law. *Moor*, 411 U.S. at 703; *see also Delesma*, 770 F.2d at 1337.

There is no federal law on contribution. And there is no federal common law right to contribution. *See Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 96-98 (1981) (no right to contribution under either the Equal Pay Act or Title VII and declining to fashion such a right from federal common law); *Texas Industries, Inc. v. Radcliff Materials*, 451 U.S. 630, 646-47 (1980) (no right to contribution under federal antitrust laws and declining to fashion such a right under federal common law). A majority of district courts appear to conclude that § 1983 neither expressly nor impliedly creates a statutory right to contribution in civil rights cases. *See, e.g.*, *Harris v. Angelina County*, 31 F.3d 331, 338 & n. 9 (5th Cir. 1994)

(noting that the majority view in the wake of the Supreme Court's opinions in *Northwest Airlines* and *Texas Industries* is that no federal right to contribution exists under Section 1983); *Crews v. County of Nassau*, 612 F. Supp. 2d 199, 210 (E.D.N.Y. 2009) (explaining that "the language of the statute itself provides no basis for a right of contribution," there is no indication that Congress intended to create such a remedy, and permitting contribution would protect the persons regulated by the statute at the expense of those the statute seeks to protect) (collecting authorities); *Wright*, 703 F. Supp. at 590 ("The rights of contribution and indemnification are not remedies for violations of federal civil rights.").

At the same time, it appears that principles of proportionate responsibility generally do not apply to § 1983 claims where the injury is indivisible. *See Weeks v. Chaboudy*, 984 F.2d 185, 188 (6th Cir. 1993) (quoting *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256 (1979) ("[T]he common law … allows an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident."). The injury here is allegedly indivisible. The undersigned, however, is not in a position at this time to opine on whether it is actually indivisible. Accordingly, applying Texas proportionate responsibility scheme to § 1983 claims might conflict with federal common law.

"In resolving questions of inconsistency between state and federal law raised under § 1988, courts must look not only at particular federal statutes and constitutional provisions, but also at 'the policies expressed in [them].'" *Slade v. City of Marshall, Tex.*, 814 F.3d 263, 266 (5th Cir. 2016) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978)). "The Supreme Court has instructed that '[o]f particular importance is whether application of state law would be inconsistent with the federal policy underlying the cause of action under consideration.'" *Id.*

"'The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law.'" *Id.*

The only two Texas federal courts to address this issue, at least that the undersigned could identify, have found that "application of the Texas proportionate responsibility scheme [to Section 1983 claims] would frustrate the two primary goals of 42 U.S.C. § 1983—compensation and deterrence." *See Mims v. Dallas County*, No. 3-04-CV-2754-M, 2006 WL 398177, at *6 (N.D. Tex. Feb. 17, 2006); *Moran*, 2016 WL 1610611, at *2.[1] For these same policy reasons, the vast majority of district courts outside the Fifth Circuit have refused to permit state law claims of contribution in connection with § 1983 claims. *See, e.g.*, *Crews*, 612 F.Supp.2d at 212; *Hepburn v. Athelas Institute, Inc.*, 342 F. Supp. 2d 752, 759 (D. Md. 2004); *Koch v. Mirza*, 869 F. Supp. 1031, 1041 (W.D. N.Y. 1994).

In the final analysis, the City Defendants fail to provide sufficient justification for allowing the requested amendment. It is true that leave to amend is typically given freely. *See* Fed. R. Civ. P. 15(a). But a party seeking leave to amend must provide the Court with sufficient authority to support a requested amendment. The City Defendants' motion fails to offer any explanation or justification for why Chapter 33 could apply here to authorize contribution in connection with § 1983 claims, as a matter of Texas law or federal law. Accordingly, the requested amendment appears futile, if not outright incorrect under the law.

### III. Conclusion

For the reasons discussed above, it is recommended that the City Defendants' motions for leave to amend their pleadings to assert cross-claims for contribution against the

---

[1] The undersigned notes that at least two federal district courts applied Chapter 33 in federal question cases, but the § 1983 claims in those cases were not asserted against the parties seeking to invoke Chapter 33; the defendants who invoked Chapter 33's designation-of-responsible-third-parties provisions were defending against state law claims. *See Davis v. Dallas County*, No. 3:07-CV-0318-D, 2007 WL 2301585, at *1-2 (N.D. Tex. Aug. 10, 2007); *Sullivan v. City of Round Rock*, No. A-14-CV-349-AWA, 2017 WL 3015423, at *2 (W.D. Tex. Jul. 14, 2017).

Neuromonitoring Defendants, Dkt. Nos. 84, 97, should be denied as futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). The City Defendants' alternate request to designate the Neuromonitoring Defendants and Dr. Bruggeman as responsible third parties, Dkt. Nos. 85, 96, should be similarly denied.

In making this recommendation, the undersigned recognizes that neither party has briefed the threshold issue at the heart of the City Defendants' request—whether a § 1983 defendant may successfully invoke Chapter 33's proportionate responsibility scheme. Indeed, the parties' failure to engage that pivotal issue lies at the heart of this recommendation. Accordingly, to the extent the City Defendants may continue to believe this case warrants application of Chapter 33, they should be permitted to re-urge their request by a new motion. In doing so, they should support any such request with sufficient legal authority to assure the Court that the request is neither inappropriate nor incorrect under the law.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to

9

file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 20th day of June, 2018.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE