UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROGELIO CARLOS, III and §<br>MYRNA CARLOS §<br> §<br> §<br>v. §<br> §<br>CARLOS CHAVEZ, VIRGILIO §<br>GONZALEZ, JAMES YBARRA, MARK §<br>DELGADO, CITY OF SAN ANTONIO, §<br>SAN ANTONIO POLICE DEPARTMENT, §<br>AND DETECTIVE JOHN DOE § | CIVIL ACTION NO. 5:16-CV-00251-FB |

## DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF WILLIAM MCMANUS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES the Defendants CARLOS CHAVEZ, VIRGILO GONZALEZ (incorrectly named as VIRGILIO GONZALEZ), AND DETECTIVE JOHN DOE, (hereinafter "Defendants" or individually by name) and filed this their Motion to Exclude and Strike Testimony of William McManus. In support thereof Defendants would show this Court the following:

## I.
## BACKGROUND

1. This is a §1983 lawsuit where Plaintiff Rogelio Carlos is claiming that his constitutional rights were violated when he was subjected to excessive force by the Defendants on May 20, 2014, when he was mistakenly identified as being a wanted suspect.

2. On November 8, 2016, San Antonio Police Department Chief William McManus' deposition was taken for this case. His testimony is now subject to trial based on Plaintiff's assertions to use such testimony.

## II.
## ARGUMENT AND AUTHORITIES

**A.     Deposition video clips of McManus in uniform**

3. Defendants object to the introduction of any video evidence of Police Chief McManus' November 8, 2016 deposition because Chief McManus was in police uniform at the time of said deposition and this Court has identified a specific local rule prohibiting the appearance and testimony of law enforcement officers while in uniform. To allow the instruction of video evidence of a law enforcement officer in uniform would undermine the local rule and the consistency of any implementation and application of a general prohibition on uniformed law enforcement personnel testifying while in uniform. This should bar the introduction or playing of any deposition video clips from Chief McManus' deposition at trial in this case.

**B.     McManus not unavailable for trial**

4. Plaintiff's counsel has listed Chief McManus as a trial witness and further represented to the Court an intention to call Chief McManus live at trial to testify. Pursuant to Federal Rule of Civil Procedure 32(a), all or part of a deposition may be used against a party on certain conditions, to include that it would be admissible under the Federal Rule of Evidence if the deponent were present and testifying; and the use is allowed by Rule 32(a)(2)-(8). FED R. CIV. P. 32(a).

5. Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, which Defendants do not dispute. Thus, as long as any intended use of Chief McManus' deposition for impeachment purposes only does not conflict with the arguments

made in both Section A above and Section C below (which Defendants dispute can be used at all in this case), Defendants do not seek to exclude it on this basis.

6. Section 32(a)(4) allows the use of a deposition for any purpose in trial if the Court finds that the witness is dead; the witness is more than 100 miles from the place of trial; that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; the party offering the deposition could not procedure the witnesses' attendance by subpoena; or on motion and notice that exceptional circumstances make it desirable-in the interest of justice and with due regard to the importance of live testimony in open court-to permit the deposition to be used. FED R. CIV. P. 32(a)(4).

7. None of these situations are applicable with respect to Chief McManus. Defendants have represented an indication to call Chief McManus to testify live in this case; and there has been no showing he is unavailable for any of the reasons identified in FED R. CIV. P. 32(a)(4). Consequently, the use of his deposition testimony in trial for anything other than impeachment purposes, is improper and should be prohibited.

**C.    Testimony on discipline and violation of PD rules should be excluded.**

8. At deposition, Chief McManus was questioned and provided answers related to the IA investigation and discipline of the Defendant Officers with respect to their conduct in relation to a violation of San Antonio Police Department Rules and Regulations. Defendants anticipate that Plaintiff's counsel intends to also question Chief McManus on these subjects live at trial.

9. Defendants seek to exclude introduction of Chief McManus' deposition testimony on this subject, as well as any testimony live at trial on this subject.[1] Any testimony on this subject is improper because alleged violations of internal policy, or findings on violation of internal policy,

---

[1] Defendants have asserted this exclusion generally, as to all witness and exhibits, in their Motion in Limine, but re-urge it specifically in relation to Chief McManus as part of this Motion to Exclude.

do not themselves give rise to constitutional liability, and administrative regulations or policies implemented by police departments do not supplant the objective Constitutional standard that governs application of the Fourth Amendment or qualified immunity. *Evans v. Marlin*, 986 F.2d 104, 108 n.6 (5th Cir. 1993) ("The failure to follow procedural guidelines, standing alone, does not implicate constitutional liability."). The Courts are replete with similar holdings on this. *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006) (holding that violations of Chicago police department policies was not relevant to the issue of whether the plaintiff's Fourth Amendment rights had been violated, as the policies "[shed] no light on what may or may not be considered"); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1223 (10th Cir. 2005) ("[V]iolations of state law and police procedure generally do not give rise to a 1983 claim for excessive force."); *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005)(prohibiting evidence of internal disciplinary action for violation of PD rules because similarity of police rules to the objective "reasonableness" standard under state and federal law would cause jury confusion and such evidence would "tempt" the jury to conclude that if the officer's actions violated the police procedures, and the police procedures were similar to the federal "reasonableness" standard, then the officer must have violated the federal requirement); *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986)(evidence of disciplinary proceeding against officer is of little probative value because the trier of fact was privy to other evidence to determine the reasonableness of the officer's conduct and the prejudicial effect was "arguably great" because the jury might have inferred that officer was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings or the jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence.). *James by James v. Sadler*, 909 F.2d 834, 838 n.6 (5th Cir. 1990) citing *Gagne v. City of Galveston,* 805 F.2d 558 (5th

Cir.1986)(In distinguishing constitutional rights from those created by statute or administrative policy, findings that "The perverse consequences of attaching constitutional liability to such efforts at self-regulation when no constitutional duty was otherwise clearly established are self-evident.").

10. This analysis and the basis to exclude this evidence/testimony applies as to both prongs of the qualified immunity analysis for the Defendants. *Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 3020, 82 L. Ed. 2d 139 (1984)(officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.); *see also Beltran v City of El Paso*, 367 F.3d 299, 308 (5th Cir. 2004); *In re Estate of Pollard v. Hood County*, 579 Fed. App'x. 260, 265-66 (5th Cir. 2014) (per curiam)(Administrative regulations do not supplant the objective Constitutional standard governing immunity); Fourth Amendment issues must be judged objectively from the perspective of a hypothetical reasonable officer on the scene. *Wilson v. Kittoe*, 337 F.3d 392, 402 (4th Cir. 2003); *Scott v. Clay County*, 205 F.3d 867, 877 (6th Cir. 2000). *See Hein v. North Carolina*, 574 U.S. 54, 135 S. Ct. 530, 539, 190 L. Ed.2d 475 (2014) ("We do not examine the subjective understanding of the particular officer involved."); *Atwater v. City of Lago Vista*, 532 U.S. 318, 372, 121 S. Ct. 1536, 149 L. Ed.2d 549 (2001); *Whren v. United States*, 517 U.S. 806, 812, 116 S. Ct. 1769, 135 L. Ed.2d 89 (1996); *Hill v. Carroll County, Miss.*, 587 F.3d 230, 234 (5th Cir. 2009). Immunity must be analyzed and decided under an objective standard. *See* FED. R. EVID. 104; 402; 403; 611; *Mullenix v. Luna*, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L. Ed.2d 255 (2015); *Reichle v. Howards*, 566 U.S. 658, 664-65, 132 S. Ct. 2088, 182 L. Ed.2d 985 (2012); *See Morrow v. Meachum*, 917 F.3d 870, 877 n.7 (5th Cir. 2019) (Information regarding an irrelevant subjective standard would subvert analysis of the relevant legal issues.).

11. In this regard Defendants would note specifically the case of *Herrera v. Aguilar*, No. SA-10-CV-00569-DAE, 2013 WL 5354518 (W.D. Tex. September 24, 2013), in which Judge Ezra, citing other cases noted here, found that evidence of disciplinary action against officers *for excessive force* should be excluded as not relevant to the constitutional question of excessive force, as the probative value of such evidence is substantially outweighed by the danger of unfair prejudice given the temptation to equate administrative sanctions with constitutional violation for excessive force; and the discipline constitutes an inadmissible subsequent remedial measure.

12. As a result, any introduction of testimony by McManus on Defendants' alleged non-compliance with non-constitutional standards and discipline flowing from that would be irrelevant, unfairly prejudicial substantially outweighing any probative value; and any discipline related to this would constitute an inadmissible subsequent remedial measure. FED. R. EVID. 401, 403, 407, 411.

13. For all of the above reasons, Defendants seek to exclude the testimony of any of Chief McManus' deposition testimony other than non-video impeachment testimony; and seek to exclude his testimony, whether via deposition or live, as to any disciplinary investigation and findings related to a violation of San Antonio Police Department excessive force policy.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants respectfully request that this Court GRANT their Motion to Exclude and Strike Testimony of William McManus in its entirety. Defendants respectfully request any other and further relief to which he may be entitled.

        Respectfully submitted,

        DENTON NAVARRO RODRIGUEZ BERNAL
           SANTEE & ZECH
        A Professional Corporation
        2517 N. Main Avenue
        San Antonio, Texas 78212
        Telephone:    (210) 227-3243
        Facsimile:     (210) 225-4481
        pbernal@rampagelaw.com
        lfdenton@rampagelaw.com
        cmrodriguez@rampagelaw.com

BY: _____
        CLARISSA M. RODRIGUEZ
        State Bar No. 24056222
        PATRICK C. BERNAL
        State Bar No. 02208750
        LOWELL F. DENTON
        State Bar No. 05764700
        COUNSEL FOR DEFENDANTS
        CARLOS CHAVEZ, VIRGILO GONZALEZ
        (incorrectly named as VIRGILIO GONZALEZ),
        JAMES YBARRA, MARK DELGADO,
        AND DETECTIVE JOHN DOE

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 28th day of March 2024 to the following:

Philip G. Bernal
Elizabeth Sutherland Janicek
JANICEK LAW
1100 NE Loop 410, Suite 600
San Antonio, Texas 78209

Daniel Oren Kustoff
KUSTOFF & SANDERS, L.L.P.
4103 Parkdale Street
San Antonio, TX 78229

Kirk L. Pittard
Thad D. Spalding
DURHAM, PITTARD & SPALDING, LLP
PO Box 224626
Dallas, TX 75222

Melanie Hessler Sanders
Taylor Lynn Crull
KUSTOFF & SANDERS, L.L.P.
4103 Parkdale
San Antonio, TX 78229


_____
CLARISSA M. RODRIGUEZ