IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROGELIO CARLOS, III, also known as ROGER CARLOS,** | § § § | |
| **Plaintiff,** | § § | |
| VS. | § § | CIVIL CAUSE NO. SA-16-CV-0251-FB |
| **CARLOS CHAVEZ and DETECTIVE JOHN DOE,** | § § § § | |
| **Defendants.** | § § | |

## VERDICT OF THE JURY

WE, THE JURY, FIND THE FOLLOWING:

**QUESTION NO. 1**: (Personal Injury Damages)

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Roger Carlos for his injuries, if any, that resulted from Defendants Carlos Chavez and John Doe's use of excessive force?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any:

1. Physical pain sustained in the past.

    Answer: $2,000,000.00

2. Physical pain, that, in reasonable probability, Roger Carlos will sustain in the future.

    Answer: $0.00

3. Mental anguish sustained in the past:

   Answer: $2,000,000.00

4. Mental anguish that, in reasonable probability, Roger Carlos will sustain in the future.

   Answer: $3,000,000.00

5. Loss of earning capacity sustained in the past.

   Answer: $20,000.00

6. Loss of earning capacity that, in reasonable probability, Roger Carlos will sustain in the future.

   Answer: $0.00

7. Disfigurement sustained in the past.

   Answer: $10,000.00

8. Disfigurement that, in reasonable probability, Roger Carlos will sustain in the future.

   Answer: $0.00

9. Physical impairment sustained in the past.

   Answer: $10,000.00

10. Physical impairment that, in reasonable probability, Roger Carlos will sustain in the future.

    Answer: $0.00

11. Medical care expenses incurred in the past.

    Answer: $10,000.00

12. Medical care expenses that, in reasonable probability, Roger Carlos will incur in the future.

    The parties stipulate that the future Life Care Plan for Plaintiff, Roger Carlos, has a present day value of $5,000,000.00. This stipulation is as to value only and is not to be considered a stipulation that the Defendants' use of excessive force caused the need for the future medical damages as referenced by both parties' Life Care Plans.

    Answer: $0.00

11/7/24
Date

_____
PRESIDING JUROR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROGELIO CARLOS, III, also known as ROGER CARLOS, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL CAUSE NO. SA-16-CV-0251-FB |
| CARLOS CHAVEZ and DETECTIVE JOHN DOE, | § § § § | |
| Defendants. | § § | |

# COURT'S INSTRUCTIONS TO THE JURY

## MEMBERS OF THE JURY:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and solely upon the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for Plaintiff or Defendants in arriving at your verdict. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

**Burden of Proof: Preponderance of the Evidence**

Plaintiff Rogelio Carlos, III, hereinafter referred to as Roger Carlos, has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Roger Carlos has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**Evidence–Excluding What is Not Evidence**

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. Remember that the questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I may have sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence may have been ordered stricken from the record and you may have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been stricken in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

### Evidence–Inferences–Direct and Circumstantial

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

You should not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, find the facts from a preponderance of all the evidence, both direct and circumstantial.

### Credibility of Witnesses

I remind you that it is your job to decide the facts from a preponderance of the evidence. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you consider the witness's manner and demeanor on the witness stand and

-4-

ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Plaintiff or the Defendants? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? Did the witness make statements at other times and places contrary to those made here on the witness stand?

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you. This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Expert Witnesses**

During the trial you have heard the testimony from Adam Bruggeman, M.D.; Alex Willingham, M.D.; Keith Fairchild, PhD; Sanjay Kumar, M.D.; S. Josh Bell, M.D.; William Tisdall,

M.D.; Wallace Stanfill; Bradley Weiner, M.D.; Susan Garrison, M.D.; and James Yeager, PhD who have been accepted by the Court as experts in their respective fields. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Plaintiff and Defendants stipulate to the following facts:

1. In April 2024, a jury determined that Defendants Carlos Chavez and Detective John Doe used excessive force in violation of Roger Carlos's constitutional right on May 20, 2014.

2. Roger Carlos suffered an injury which resulted directly from Defendants Carlos Chavez and Detective John Doe's use of excessive force.

3. The injury Roger Carlos suffered immediately following the use of excessive force by Defendants Carlos Chavez and Detective John Doe is depicted by the following photographs.

| **Exhibit** | **Description** |
|---|---|
| Prior Exhibit Nos. P-49/D-14 | Photo at scene full body Bates No. 04651 |
| Prior Exhibit Nos. P-50/D-15 | Photo at scene right side face Bates No. 04652 |
| Prior Exhibit Nos. P-51/D-16 | Photo at scene left side face Bates No. 04653 |

|  |  |
|---|---|
| Prior Exhibit Nos. P-52/D-17 | Photo at scene left wrist Bates No. 04654 |
| Prior Exhibit Nos. P-53/D-18 | Photo at scene right arm elbow Bates 04655 |

4. On November 3, 2015, Roger Carlos underwent neck surgery and during the surgery a complication from the surgery caused Roger Carlos to be paralyzed from the chest down.

**Causation**

The Plaintiff must prove by a preponderance of the evidence that the act by the Defendants was a cause-in-fact of the damages Plaintiff suffered. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damages and without which the injury or damage would not have occurred. The Plaintiff must also prove by a preponderance of the evidence that the act by Defendants was a proximate cause of the damages Plaintiff suffered. An act is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damages was a reasonably foreseeable consequence of the act.

In this case, Plaintiff's contends the surgery was necessitated by the event of May 20, 2014. Plaintiff must prove by a preponderance of the evidence that the event of May 20, 2014, was a proximate cause of his need for surgery. Defendants contend the surgery was necessitated by a degenerative spinal condition and would have happened even if the May 20, 2014, event had not occurred. Defendants have the burden to prove by a preponderance of the evidence damages that the degenerative spinal condition inevitably would have caused. There can be more than one proximate cause.

**Compensatory Damages**

Plaintiff has proved his claims of excessive force against the Defendants by a preponderance of the evidence. You must determine the damages to which Plaintiff is entitled, if any. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, be awarded damages. It is your task to decide whether Plaintiff is entitled to damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Roger Carlos whole—that is, to compensate Roger Carlos for the damages that he suffered. Compensatory damages are not limited to expenses that Roger Carlos may have incurred because of his injuries. Roger Carlos is also entitled to compensatory damages for the physical injury, pain and suffering and mental anguish that he has suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by the Defendants' wrongful conduct.

**Pre-Existing Conditions**

If the damages you found resulted in part from any preexisting injury or condition that was causing symptoms at the time of the May 20, 2014, event, do not include any amount for any such preexisting injury or condition, except to the extent the preexisting injury or condition was aggravated by the May 20, 2014, event.

**Subsequent Aggravation of Injury**

If any injury proximately caused by the conduct of any Defendant is aggravated by a subsequent event, and the subsequent aggravation was not proximately caused by the negligence of Roger Carlos, the damages resulting from the subsequent aggravation of any such injury are also

considered to be proximately caused by the conduct of the Defendants and must also be awarded to Roger Carlos.

The damages that you award must be fair compensation for all of Roger Carlos's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Roger Carlos has actually suffered or that Roger Carlos is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Roger Carlos prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1. Physical pain sustained in the past and that, in reasonable probability, Roger Carlos will sustain in the future.

2. Mental anguish sustained in the past and that, in reasonable probability, Roger Carlos will sustain in the future.

3. Loss of earning capacity sustained in the past and that, in reasonable probability, Roger Carlos will sustain in the future.

> 4. Disfigurement sustained in the past and that, in reasonable probability, Roger Carlos will sustain in the future.
>
> 5. Physical impairment sustained in the past and that, in reasonable probability, Roger Carlos will sustain in the future.
>
> 6. Medical care expenses incurred in the past and that, in reasonable probability, Roger Carlos will incur in the future.

You may award damages for any bodily injury that Roger Carlos sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that Roger Carlos experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Roger Carlos for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**Emotional Distress**

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that he suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find that Defendants proved by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendants have the burden of proving the damages that the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

November 6, 2024
Date

FRED BIERY
UNITED STATES DISTRICT JUDGE